BEFORE THE FIRST DIVISION, JULY 24, 1939

**No. 41844.**—Protests 970107–G, etc., of Gibson Thomsen Co. et al. (New York).

Opinion by McCLELLAND, P. J.  It was stipulated that the merchandise consists of cloth brushes and hat brushes similar to those passed upon in *United States* v. *Heinrich Herrmann & Weiss* (26 C. C. P. A. 292, C. A. D. 30).  They were therefore held dutiable at only 50 percent under paragraph 1506 as claimed.

**No. 41845.**—Protest 906152–G of L. Oppleman, Inc. (New York).

Opinion by McCLELLAND, P. J.  It was stipulated that the merchandise consists of cloth brushes and hat brushes similar to those passed upon in *United States* v. *Heinrich Herrmann & Weiss* (26 C. C. P. A. 292, C. A. D. 30).  They were therefore held dutiable at only 50 percent under paragraph 1506 as claimed.

**No. 41846.**—Protests 839854–G, etc., of Wm. J. Jones & Co. (Philadelphia).

Opinion by McCLELLAND, P. J.  In accordance with stipulation of counsel and on the authority of *Myers* v. *United States* (T. D. 49530) it was held that duty should have been taken under the provisions of section 601 (c) (6) on the basis of the actual board measurement of lumber in the condition in which imported.

**No. 41847.**—Petitions 5730–R, etc., of John F. Kilroy Co. et al. (New York).

Opinion by McCLELLAND, P. J.  It appeared that the merchandise is seasonal goods and that it was appraised on the basis of the United States value.  On reappraisement it was decided that appraisement should be made on the basis of foreign value but at unit values higher than those represented by the invoice and entered values.  A careful consideration of the record led to the conclusion that the entry was without any intention to defraud the revenue of the United States, to conceal or misrepresent the facts, or to deceive the appraiser.  The petitions were therefore granted.

BEFORE THE SECOND DIVISION, JULY 24, 1939

**No. 41848.**—Protests 942380–G, etc., of Chas. Bashwiner et al. (New York).

DALLINGER, Judge: These are suits against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on particular importations of machines.  Duty was levied thereon at the rate of 27½ percent ad valorem under paragraph 372, Tariff Act of 1930, as machines not specially provided for.  It is claimed that said machines are properly dutiable at the rate of 25 percent ad valorem under the provision in the same paragraph for "printing machinery (except for textiles), bookbinding machinery, and paper-box machinery."

Only two witnesses appeared herein.  The first, the importer, Charles Bashwiner, testified that he was the inventor of the machines at bar, that he had